## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| MELISSA TROSTLE, | : | **COMPLAINT** |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Civil Action Number  1:13-CV-0709 |
|  | : | (GTS/RFT) |
| THE STATE OF NEW YORK, | : |  |
| THERESA KNAPP-DAVID, and DOUG | : |  |
| BOTSFORD, | : |  |
|  | : |  |
| Defendants. | : | **JURY TRIAL DEMANDED** |

_____

Plaintiff, by and through her counsel, complaining of the above-named defendants, hereby alleges as follows:

### JURISDICTION

1.    This Court has jurisdiction over this matter under the provisions of 42 U.S.C. §§ 1331, 1341, & 1343 because it is filed to obtain a) compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983, and b) compensatory damages, counsel fees, equitable relief including front pay, backpay and reinstatement and all other appropriate relief for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C, §§ 2601 *et seq.*

2.    This Court also has jurisdiction over this matter under the provisions of 42 U.S.C. § 2000e-5(f)(3)  ("Title VII") because it is filed to obtain compensatory and punitive damages for discrimination on the basis of race/color/national origin, in violation of federal civil rights laws. Plaintiff Melissa Trostle filed a timely charge of discrimination complaining of the unlawful acts

alleged herein, and received a right to sue letter from the United States Equal Employment Opportunity Commission on or about April 10, 2013.  A copy of Ms. Trostle's right to sue letter is attached hereto as Exhibit A.

3.      This Court also has jurisdiction over Ms. Trostle's claims under the New York State Human Rights Law (N.Y. Exec. Law § 297, *et. seq*.) pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367.  On or about October 16, 2012, the New York State Division of Human Rights issued Ms. Trostle a determination of probable cause regarding her complaints of discrimination against the New York State Department of Corrections and Community Supervision.  A copy of this determination of probable cause is attached herein as Exhibit B.  Ms. Trostle was later provided with an order of dismissal for administrative convenience to pursue her claims in this litigation.  A copy of the order of dismissal is attached hereto as Exhibit C.

4.      Venue is proper under 28 U.S.C. § 1391 (e)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

5.      Plaintiff Melissa Trostle is a citizen of the United States and currently resides in Greene County, New York.  Ms. Trostle is Hispanic.

6.      Defendant State of New York is the state governmental body headquartered in Albany, New York.  Claims against the State of New York are asserted relative to the actions of their agents in the New York State Department of Corrections and Community Supervision.

7.      Defendant Theresa Knapp-David is an Associate Commissioner of the New York State Department of Corrections and Community Supervision, with her principal place of business being Building 2, 1220 Washington Avenue, Albany, NY.  Ms. Knapp-David is Caucasian.

8.     Defendant Doug Botsford is a Director of Classification and Movement at the New York State Department of Corrections and Community Supervision, with his principal place of business being Building 2, 1220 Washington Avenue, Albany, NY.

## FACTS

9.     In or around 1998, Ms. Trostle began working for the New York State Department of Corrections and Community Supervision ("DOCCS") as a Corrections Counselor at the Greene Correction Facility in Coxsackie, NY.  Based on her exemplary work, Ms. Trostle was promoted to Classification Analyst in or around 2004.  In or around 2007, Ms. Trostle was again promoted to the position of Assistant Director of Classification and Movement ("Assistant Director").

10.    Due to this promotion to the Assistant Director position, Ms. Trostle was transferred to the DOCCS central office located in Albany, NY (the "Albany Office") where she was supervised by Defendant Botsford and Defendant Knapp-David.

11.    While employed at the Albany Office, Plaintiff was subject to ethnic discrimination by Defendant Knapp-David.  Ms. Knapp-David frequently made derogatory comments about Hispanic employees and would remark that Hispanic employees should have stayed in Puerto Rico.

12.    On multiple occasions, Plaintiff heard Ms. Knapp-David complain about employees who took legitimate sick leave, and would instruct Ms. Trostle to discuss with the Personnel Office about what action could be taken against such employees.

13.    In or around February 2011, Ms. Trostle complained internally to Defendant Botsford regarding Defendant Knapp-David's conduct.

14.     Immediately after her complaint, Ms. Knapp-David and Mr. Botsford's treatment toward Plaintiff worsened.  Specifically, Ms. Knapp-David and Mr. Botsford a) excluded Plaintiff from meetings, b) re-assigned Plaintiff's supervisory responsibilities to her subordinates, c) assigned her menial tasks which were not part of her job description, d) assigned her tasks of a Spanish-Speaking Classification Analyst, a position inferior to her Assistant Director position, and e) isolated Plaintiff from co-workers.

15.     In or around late March 2011, Ms. Trostle went to the emergency room for intense abdominal pain and was informed that she needed immediate surgery to remove kidney stones. Plaintiff immediately informed Defendant Botsford that she required surgery.  Ms. Trostle missed approximately 10 days of work and completed all required FMLA paperwork upon her return to work.

16.     Following her return to work, Ms. Trostle learned from several co-workers that Ms. Knapp-David and Mr. Botsford had appointed her subordinate as "Acting" Assistant Director. Ms. Knapp-David and Mr. Botsford continued to exclude Plaintiff from meetings, undermined her authority with subordinates, denied her requests to attend trainings and refused to respond to Plaintiff's e-mails.

17.     In late May 2011, Plaintiff again went to the emergency room for severe abdominal pain and was informed that she required a second immediate surgery.  Once again, Plaintiff immediately informed Defendant Botsford that she needed surgery.  Mr. Botsford instructed Plaintiff to coordinate her FMLA leave with the Personnel Office, which Plaintiff did.

18.     Plaintiff returned to work on June 20, 2011.  She was immediately met by Defendant Botsford and Defendant Knapp-David who informed her that she was being demoted to her original Corrections Counselor position, now called "Offender Rehabilitation Coordinator," at

the Greene Correction Facility due to excessive personal phone calls while at work and "issues with [Plaintiff's] time." Mr. Botsford and Ms. Knapp-David then instructed Ms. Trostle to collect her personal belongings and leave the premises.

19. Upon information and belief, and prior to her termination from her position of Assistant Director, Ms. Trostle's complaints of discrimination resulted in a formal internal investigation of Ms. Knapp-David's conduct toward Hispanic employees and Ms. Trostle in particular. This investigation was ongoing at the time of Ms. Trostle's termination from the position of Assistant Director.

20. The Plaintiff's requests for family medical leave were made in full compliance with all provisions of the Family Medical Leave Act.

21. Upon information and belief, Plaintiff was demoted for her two (2) FMLA absences described above and for complaining about Ms. Knapp-David's treatment of, and comments about, Hispanic workers.

22. During her time at the Albany Office, neither Ms. Knapp-David nor Mr. Botsford ever disciplined or counseled, either formally or informally, Ms. Trostle about excessive personal phone calls or "issues with time."

23. During all times mentioned in this Complaint, the individual Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of New York.

24. The individual Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of the Plaintiff.

# CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS

### Violation of the Family Medical Leave Act
### -- Retaliation Against an Employee for Exercising Rights under the Act –

25.     Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 24.

26.     The Family and Medical Leave Act of 1993 prohibits employers from retaliating against employees who exercise their rights to Family Medical Leave under the act.

27.     Defendant State of New York is a state employer, and is thus liable for the Plaintiff's claims for equitable relief for FMLA violations.

28.     Defendants Knapp-David and Botsford are supervisory personnel of a public agency, and are thus individually liable for FMLA violations.

29.     The actions of Defendants detailed above violated Plaintiff's rights under 29 U.S.C. § 2601 *et seq*., by demoting her in retaliation for exercising her right to FMLA leave.  The hostile treatment directed at Plaintiff by Defendants Botsford and Knapp-David following Plaintiff's FMLA absences also constitute violations of the FMLA.

30.     By reason of these violations, Defendants caused the Plaintiff to suffer damages including loss of income plus interest, loss of benefits, and other compensation denied by Defendants.

31.     As a result of Defendants' violations, Plaintiff is entitled to reinstatement, backpay, frontpay, employment benefits and other compensation denied by Defendants' violations, interest, liquidated damages, and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT THE STATE OF NEW YORK

### Violation of Title VII of the Civil Rights Act
### -- Retaliation --

32.      Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 31.

33.      Title VII of the Civil Rights Act of 1964 precludes discrimination and harassment on the basis of ethnicity.

34.      In violation of Title VII, Defendant State of New York retaliated against Plaintiff for internally complaining of ethnic discrimination perpetrated by Defendant Knapp-David.

35.      In taking the above-described discriminatory actions, Defendant acted with malice and reckless indifference to Plaintiff's rights under Title VII.

36.      Plaintiffs have suffered and continue to suffer mental anguish, emotional distress, humiliation and other compensable injuries as a result of the Defendant's actions.


## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT KNAPP-DAVID AND DEFENDANT BOTSFORD

### Violation of Constitutional Rights Under Color of State Law
### -- The Right to Freedom of Speech –

37.      Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 36.

38.      The First Amendment to the United States Constitution protects citizens from being improperly punished by a governmental entity for complaining about ethnic discrimination, and for petitioning the government for the redress of grievances.

39.     Retaliating against someone for complaining to a government agency about ethnic discrimination violates the First Amendment to the United States Constitution.

40.     The actions of the above-named Defendants detailed above violate Plaintiff's rights under the United States Constitution, in that Defendants Knapp-David and Botsford retaliated against Plaintiff for her complaints of discrimination against Ms. Knapp-David by terminating the Plaintiff from her position as Assistant Director, and demoting her back to her original position.

41.     This conduct on the part of the above-named Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

42.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

#### -- Violation of State Law –
#### New York Executive Law § 297

43.     Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 42.

44.     The New York State Human Rights Law (N.Y. Exec. Law § 297, *et. seq.*) prohibits discrimination in employment on the basis of ethnicity, and further prohibits efforts to retaliate against employees who complain about discrimination through the State of New York's established policies.

45.     Defendants' actions toward Plaintiff, detailed above, violate Plaintiff's rights under the New York State Human Rights Law.

46.     As a direct and proximate result of the illegal acts described above, Plaintiff has been irreparably injured.

## DEMAND FOR PUNITIVE DAMAGES

47.     The actions of Defendants described herein were extreme and outrageous, and shock the

conscience of a reasonable person.  Consequently, an award of punitive damages is appropriate

to punish the Defendants for their cruel and uncivilized conduct.  The Plaintiff does not seek an

award of punitive damages against the State of New York.


## DEMAND FOR TRIAL BY JURY

48.     The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Melissa Trostle requests that this Honorable Court grant her the following relief:

A.      A judgment in favor of Plaintiff against Defendant State of New York for compensatory damages and statutory damages in an amount to be determined by a properly charged jury relative to the Plaintiff's claims under Title VII and the New York State Human Rights Law, and in favor of the Plaintiff awarding the Plaintiff injunctive relief, including reinstatement to her position and back pay, pursuant to the provisions of the Family Medical Leave Act;

B.      A judgment in favor of Plaintiff against Defendants Knapp-David and Botsford for compensatory damages and punitive damages in an amount to be determined by a properly charged jury;

C.      A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 2617;

D.      Any other relief that this Court finds to be just, proper and equitable.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: June 19, 2013

_____
Elmer Robert Keach, III, Esquire
Sarmili Saha, Esquire
USDC, NDNY Bar Roll Number 601537
LAW OFFICES OF ELMER ROBERT
   KEACH, III, PC
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY  12010
Telephone:     518.434.1718
Telecopier:     518.770.1558
Electronic Mail:

bobkeach@keachlawfirm.com

**ATTORNEYS FOR PLAINTIFF
MELISSA TROSTLE**

# EXHIBIT A

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Melissa Trostle**
    ▆▆▆▆▆▆▆▆
    **Greenville, NY 12083**

From: **New York District Office**
    **33 Whitehall Street**
    **5th Floor**
    **New York, NY 10004**

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2012-02560** | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒   Other *(briefly state)*     **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**Kevin J. Berry,**
**District Director**

April 10, 2013

*(Date Mailed)*

Enclosures(s)

cc:

**NEW YORK STATE, DEPARTMENT OF**
**CORRECTIONS & COMMUNITY SUPERVISION**
**Attn: Deborah Nazon, Acting Director, ODM**
**The Harriman State Campus, Building 2**
**1220 Washington Avenue**
**Albany, NY 12226-2050**

**Elmer Robert Keach, III, Esq**
**Law Offices**
**1040 Riverfront Center**
**P.O. Box 70**
**Amsterdam, NY 12010**



RECEIVED
APR 1 6 2013

Enclosures(s)

cc:

**NEW YORK STATE, DEPARTMENT OF
CORRECTIONS & COMMUNITY SUPERVISION
Attn: Herman Reinhold, Esq., Sr. Attorney
The Harriman State Campus, Building 2
1220 Washington Avenue
Albany, NY 12226-2050**



# EXHIBIT B

Received Fax :        Nov 19 2012 9:32PM        Fax Station :    HP LASERJET FAX        p.  1
2012-11-20 10:47        NICK TROSTLE    15189668005 >>    518 770 1558        P 1/11



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>MELISSA TROSTLE,<br>　　　　　　　　　　Complainant,<br><br>　　　　v.<br><br>NEW YORK STATE, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,<br>　　　　　　　　　　Respondent. | DETERMINATION AFTER INVESTIGATION<br><br>Case No.<br>10154457 |

Federal Charge No. 16GB202560

On 4/18/2012, Melissa Trostle filed a verified complaint with the New York State Division of Human Rights ("Division"), charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of race/color, disability, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division has determined that it has jurisdiction in this matter and that PROBABLE CAUSE exists to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. The parties will be advised of further proceedings.

Dated:　　October 16, 2012
　　　　　Binghamton, New York

　　　　　　　　　　STATE DIVISION OF HUMAN RIGHTS

By:

　　　　　　　　　　Victor P. DeAmelia
　　　　　　　　　　Regional Director

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO:    Files                           REGION: Binghamton

FROM: Victor P. DeAmelia              DATE: October 15, 2012
      Regional Director

SDHR CASE NO: 10154457-12-E-DRO-E

Federal Charge No. 16GB202560

SUBJECT:    Melissa Trostle v. New York State, Department of Corrections and Community
            Supervision

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

### I.    CASE SUMMARY

This is a verified complaint, filed by complainant, Melissa Trostle, on Wed 4/18/2012.
The complainant who is Hispanic, diagnosed with carpal tunnel and kidney stones, and opposed
discrimination in the work place charges the respondent with unlawful discriminatory practices
in relation to employment because of race/color, disability, opposed discrimination/retaliation.

### II.    SUMMARY OF INVESTIGATION

Complainant's Position:
Complainant alleges that respondent diminished her job responsibilities, assigned her
responsibilities to others, excluded her from meetings or advised her during meetings areas
needing improvement, denied her training and time off, subjected her to disparate treatment and
other employment discrimination in the form of harassment; and after opposing discrimination in
the workplace and returning to work from a medical leave of absence she was demoted on the
same day of her return to work because of her race, disability and in retaliation for opposing
discrimination.

Respondent's Position:
Respondent denies discriminating against the complainant on the basis of her race/color,
disability and opposed discrimination retaliation. Respondent states that all actions taken
involving complainant were taken for legitimate non-discriminatory business reasons.

Investigator's Observations:
Narrative statements and exhibits were provided by both parties. Additional information and
documentation was obtained from the respondent. A conference with complainant was also

conducted.

Complainant states her race is Hispanic and respondent does not dispute this. Both parties agree complainant suffers carpal tunnel syndrome and after respondent became aware of her medical condition and need for accommodation she was provided with ergonomic computer equipment, which she continues to use.   Many of complainant's allegations are untimely and not in this investigation report.

Complainant began her employment with respondent a little over fourteen years ago as a Correction Counselor at respondent's Green Correctional Facility.  According to respondent the Correction Counselor position was complainant's permanent hold item.  Complainant was promoted on 3/22/04 to provisional Classification Analyst (Spanish Language) and then promoted again on 12/12/07 to a provisional Assistant Director of Classification and Movement position.  Both the Classification Analyst and the Assistant Director of Classification and Movement positions were provisional positions pending Civil Service Examinations for these positions. The two individuals complainant claims discriminated against her made the decision to promote her knowing of her race.  Complainant had not yet been diagnosed with a medical condition or a disability mentioned in her complaint.  On 6/21/11 complainant was returned to her original hold item Offender Rehabilitation Counselor, formally known as Correction Counselor, at the Green's Correction Facility.

Complainant claims that during her employment with respondent in February 2011, she opposed discriminatory treatment and hostile work environment to her direct supervisor Director of Classification and Movement Douglas Botsford and his direct supervisor Associate Commissioner Theresa Knapp-David.

Complainant reported being treated differently for reasons related to race.  She also raised various issues regarding time off, denied training, inappropriate and derogatory comments made about other Hispanics employees, and criticisms directed towards her by the associate commissioner.  All of the events that complainant alleged occurred to the Director and Associate Commissioner occurred in or prior to February 2011 and are beyond the one year statute of limitation under the Human Rights Law.  Complainant filed her verified complaint of discrimination with New York State Division of Human Rights on April 18, 2012.

During conference with complainant she states that the treatment by the Director and Associate Commissioner intensified and got worse after she complained of discriminatory treatment and continued having medical problems.  Complainant took a medical leave of absence from work in early April 2011.  Although respondent states it was not aware of complainant's expected date of return to work, complainant asserts respondent was aware and that she had returned to work on April 6, 2011.  Complainant said that respondent was also aware of her continued medical appointments and that she was still experiencing pain and would need further medical treatment.

Complainant submitted a time off request slip and was approved personal time off for the period of April 18, 2011- April 22, 2011. She decided not to take all the time that she was approved and later agreed to only take Friday April 18, 2011 and Monday April 22, 2011 off. However, when the Director indicated that he would be absent on one of the same days, complainant offered to

cover for the Director indicating this would not be a problem. On the day complainant was
expected to provide coverage she contacted the Associate Commissioner regarding a personal
issue and did not report to work. According to complainant subsequently when she asked
questions about her time off slip she was issued an "occasional" for not working the day she said
she would provide coverage. Subsequently, later this same month management staff were
notified by e-mail that the Director would be absent from work on April 29, 2011. In his absence
other staff members besides the complainant were assigned to serve as acting Director and acting
Assistant Director to ensure that proper supervisory office coverage was available in the absence
of the Director and the Assistant Director. An e-mail to management staff on behalf of the
Director dated April 29, 2011 confirms the Director being out of the office on April 29, 2011 and
during his absence two other employees besides complainant were listed to cover as director and
acting Assistant Director. Review of time off requests provided by the respondent shows that on
February 10, 2011 complainant requested and was approved 37.5 personal leave time for the
period of April 18, 2011 to April 22, 2011. According to respondent's response, page 4 of 8,
Complainant was denied time off for business reasons. Review of other request for time off of
other staff member show others in the department being denied time off.

Complainant claims that after her return to work from her medical leave of absence in April 2011
that during a staff meeting on April 28, 2011 Associate Commissioner David raised issues with
complainant's performance involving letters needing grammar corrections. This embarrassed
complainant, and according to her at no other time during staff meetings were there any other
staff members advised or criticized about areas in their performance needing improvement.
Complainant said she was the only Assistant Director and the only Hispanic in the department at
this time.

Information in the record shows complainant took another medical leave of absence from May
26, 2011 to June 20, 2011. She applied and was later approved FMLA for this period on July 15,
2011. Upon her return to work June 20, 2011, complainant was demoted on the day of her
return. Although complainant claims that she was told the reason for her demotion was related to
excessive phone calls and time, she believes the reasons provided by the respondent were given
as a pretext for discriminating against her on the basis of her race/color, disability and in
retaliation for an internal complaint of discrimination. It appears that after complainant reported
discriminatory treatment of management staff, a phone audit was conducted the following month
during the period of her medical absence. According to respondent complainant was demoted as
a result of their findings regarding the phone audit and issues with her time and attendance.
Complainant maintains that no one else was demoted for reasons related to telephone use. A
review of complainant's performance evaluation completed after her complaint of discrimination
to management staff shows that complainant was made aware her time and attendance being a
problem. Her April 7, 2011 performance evaluation states "As a Supervisor she sets the
example and standard for subordinates" and that "Melissa is encouraged to be consistently
available when other managers are absent to ensure a seamless flow of work in Classification
and Movement." According to complainant during the period of this performance evaluation she
was never issued a disciptinary indicating her time and attendance being an issue.

According to respondent after it was noted that complainant had a high volume of personal
phone calls, a copy of her telephone bill was given and reviewed by Director Botsford.

- 3 -

Received Fax :        Nov 19 2012 9:32PM    Fax Station :    HP LASERJET FAX         p    10
2012-11-20 10:49        NICK TROSTLE    15189668005 >>    518 770 1558                        P 10/11

Complainant's phone bill was discussed between the two individuals complainant previously reported discriminatory treatment to; Director Botsford and Associate Commissioner David. The Director was advised to refer the matter to Human Resource Office for direction and was advised to document the situation. The Director audited complainant's telephone records for the period of March 3, 2010 to April 2011 and submitted his findings to the Director of Human Resources Danielle Martuscello III who then consulted with NYS Department of Civil Services. It was then determined that since complainant was in a provisional title that she be returned to her original permanent hold item.

Information in the record shows several permanent employees in supervisory positions demoted over the span of ten years with the majority of these employees identified as white. In the past two years there were a total of three employees demoted and of these three employees two were identified as Hispanic and the other is identified as white but has a last name of Rodriquez. There was no other assistant director in a provisional position demoted under the supervision of Director Botsford or Associate Commissioner David for issues related phone usage or time and attendance or any other performance issues during this period.

Submitted by:

Patricia F. Rude
Human Rights Specialist I

## III.    BASIS FOR DETERMINATION

Information in the record supports the complainant is Hispanic and suffered a temporary disability. She has standing to file and is a member of protected class. Complainant was a satisfactory employee, as evidence she was promoted on two separate occasions and received satisfactory performance evaluations and held the position of Assistant Director in Classification and Movement, a provisional position for over 3 1/2 years. Investigation revealed complainant complained of discriminatory treatment and a hostile work environment by white management staff and according to her no action was taken, and that the manager she complained about became defensive, accusing complainant of threatening her. Complainant said since her claim of discrimination and hostile treatment, the treatment towards her became progressively worse and intensified. A phone audit was conducted the month following the period of her medical absence. She was also given a performance evaluation that cited ongoing time and attendance issues with no disciplinary action issued during the evaluation period.

According to respondent complainant was demoted as a result of their findings regarding the phone audit and issues with her time and attendance. Complainant maintains that no one else was demoted for reasons related to telephone use. It appears that complainant's phone bill was the only one audited at the time. A review of complainant's performance evaluation completed after her complaint of discrimination to management staff shows that complainant's time and attendance being an ongoing issue but according to complainant, during this evaluation period she believes her time and attendance was good. The two managers complainant complained to of discriminatory treatment participated in the phone audit, performance evaluation and/or her

- 4 -

recommendation for demotion.

Information in the record shows several permanent employees in supervisory positions demoted over the span of ten years with the majority of these employees identified as white.  In the past two years there were a total of three employees demoted and of these three employees two were identified as Hispanic, and the other is identified as white with a Hispanic name.  There was no other assistant director in a provisional position demoted under the supervision of Director Botsford or Associate Commissioner David for issues related to phone usage or time and attendance or any other performance issues during this period.

Investigation reveals that there are reasonable grounds for suspicion that discrimination occurred and the case should go forward to a formal hearing in front of an administrative law judge where sworn testimony can be taken and issues of fact be resolved.

Reviewed & Approved:                *Sandra M. Carlin*

Sandra M. Carlin
Human Rights Specialist II

## IV.    DETERMINATION

Based on the foregoing, I find PROBABLE CAUSE to support the allegations of the complaint.

Victor P. DeAmelia
Regional Director

- 5 -

EXHIBIT C



**ANDREW M. CUOMO**
GOVERNOR



RECEIVED
MAR 18 2013

**NEW YORK STATE
DIVISION OF HUMAN RIGHTS**

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>**MELISSA TROSTLE,**<br><br>        Complainant,<br><br>        v.<br><br>**NEW YORK STATE, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,**<br>        Respondent. | **NOTICE AND FINAL ORDER**<br><br>Case No. 10154457 |

Federal Charge No. 16GB202560

   **PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Order

of Dismissal for Administrative Convenience ("Recommended Order"), issued on March 5,

2013, by Christine Marbach Kellett, an Administrative Law Judge of the New York State

Division of Human Rights ("Division"). An opportunity was given to all parties to object to the

Recommended Order, and all Objections received have been reviewed.

   **PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED**

**ORDER IS HEREBY ADOPTED AND ISSUED BY THE HONORABLE GALEN D.**

**KIRKLAND, COMMISSIONER, AS THE FINAL ORDER OF THE NEW YORK STATE**

**DIVISION OF HUMAN RIGHTS ("ORDER").** In accordance with the Division's Rules of

Practice, a copy of this Order has been filed in the offices maintained by the Division at One

Fordham Plaza, 4th Floor, Bronx, New York 10458. The Order may be inspected by any member of the public during the regular office hours of the Division.

 **PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, within sixty (60) days after service of this Order. A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. Please do not file the original Notice or Petition with the Division.

 **ADOPTED, ISSUED, AND ORDERED.**

DATED:   3/13/2013
    Bronx, New York

        GALEN D. KIRKLAND
        COMMISSIONER

- 2 -

TO:

Complainant
Melissa Trostle

Complainant Attorney
Elmer Robert Keach, III, Esq.
1040 Riverfront Center, P.O. Box 70
Amsterdam, NY 12010

Respondent
New York State, Department of Corrections and Community Supervision
Attn: Deborah Nazon, Ph.d, Acting Director
Deborah Nazon, Ph.D., ODM, Bryan Bradt, Affirmative Action Administrator 2
The Harriman State Campus-Bldg. 2, 1220 Washington Ave.
Albany, NY 12226-2050

Respondent Attorney
Herman Reinhold, Esq., Sr. Attorney
New York State, Department of Corrections and Community Supervision
1220 Washington Avenue, Building 2
Albany, NY 12226-2050

Hon. Eric T. Schneiderman, Attorney General
Attn: Civil Rights Bureau
120 Broadway
New York, New York 10271

State Division of Human Rights
Robert Goldstein, Director of Prosecutions
Aaron Woskoff, Senior Attorney
Christine Marbach Kellett, Chief Administrative Law Judge
Sara Toll East, Chief, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel



**ANDREW M. CUOMO**
GOVERNOR

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

| | |
|---|---|
| **NEW YORK STATE DIVISION OF HUMAN RIGHTS**<br>on the Complaint of<br><br>**MELISSA TROSTLE,**<br><div align="right">Complainant,</div><br><div align="center">v.</div><br>**NEW YORK STATE, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,**<br><div align="right">Respondent.</div> | **RECOMMENDED ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE**<br><br>Case No. **10154457** |

## PROCEEDINGS IN THE CASE

On April 18, 2012, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Christine Marbach Kellett, an Administrative Law Judge ("ALJ") of the Division. Complainant was represented by Elmer Robert Keach, III, Esq.. Respondent was represented by Herman Reinhold, Esq., Sr. Attorney

On March 5, 2013 Complainant by her attorney requested an administrative convenience dismissal (ACD) in order to pursue her remedies in federal court. (ALJ Exh. 1)

The parties were given an opportunity to object to the ACD. (ALJ Exh. 2)

Respondent by its attorney indicated it had no objections to the ACD. (ALJ Exh. 3)

Pursuant to Section 297.3(c) of the Human Rights Law, the complaint should be dismissed on the grounds of administrative convenience. The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

ORDERED, that the case be dismissed for administrative convenience.

Dated: March 5, 2013
      Bronx, New York

Christine Marbach Kellett
Administrative Law Judge